**United States District Court**
**Southern District of New York**
_____

**UNITED STATES OF AMERICA,**
       - against -                      01 Cr. 571-3 (JGK)
                                    08 Civ. 7512 (JGK)
**CHRISTIAN VIERTEL,**
                 Defendant.       **MEMORANDUM OPINION AND**
_____    **ORDER**

**CHRISTIAN VIERTEL,**
                 Petitioner,
       - against -

**UNITED STATES OF AMERICA,**
                 Respondent.
_____

**JOHN G. KOELTL, District Judge:**

    This is an application for a write of error coram nobis brought by the defendant, Christian Viertel ("Viertel"), pursuant to 28 U.S.C. § 1651.  Viertel asserts that the jurisdictional element of the wire fraud charge for which he was convicted on October 2, 2002 was never established, and therefore that the conviction must be vacated.  For the reasons explained below, the application is **denied**.

**I.**

    "[F]ederal courts are authorized to grant the ancient common law writ of error coram nobis under the terms of the All Writs Act, 28 U.S.C. § 1651(a)."  Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam).  When a defendant has

1

served the entirety of the defendant's sentence pursuant to a federal conviction, and is no longer in custody pursuant to that conviction, a defendant's application to vacate the conviction because of an error is properly treated as an application for a writ of error coram nobis.  See, e.g., Porcelli v. United States, 404 F.3d 157, 159 (2d Cir. 2005); see generally Fleming, 146 F.3d at 89-90 ("Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody  pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus.").  In this case, Viertel asserts, and the Government does not contest, that he is no longer in custody.  Moreover, Viertel explicitly styled the current application as an application pursuant to the 28 U.S.C. § 1651.

Coram Nobis relief is an extraordinary remedy.  "[T]o obtain coram nobis relief a petitioner must demonstrate that '1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'"  Fleming, 146 F.3d at 90 (quoting Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996)).  "In reviewing a petition for the writ, a federal court must 'presume the proceedings were correct. The burden of showing otherwise rests

2

on the petitioner.'"  Id. (quoting Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992)).

## II.

Viertel has failed to show that there are circumstances compelling coram nobis relief in order to achieve justice in this case.

Viertel argues the Government never established at his trial the jurisdictional, "interstate" element of the mail fraud statute, 18 U.S.C. § 1341.

At trial, the jury in this case was instructed correctly that, with respect to the mail fraud statute, "the government must establish beyond a reasonable doubt . . . the use of the mails in furtherance of the scheme to defraud.  The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or interstate carrier."  (Trial Tr. at 1992); see also 18 U.S.C. § 1341 (a person is guilty of mail fraud when that person, for the purpose of executing a scheme or artifice to defraud, or attempting to do so, uses the mails, or "deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier

3

according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing").

The critical "interstate" element of the mail fraud statute is not that there be an interstate mailing caused by the defendant, but rather that there be any mailing caused by the defendant that makes use of the Postal Service or any private or commercial interstate carrier. See United States v. Gil, 297 F.3d 93, 100 (2d Cir. 2002) ("[A]pplication of the mail fraud statute to intrastate mailings sent or delivered by private or commercial interstate carriers, is a permissible exercise of Congress's power.").

Viertel argues that Lufthansa carried the mail involved in this case, and that Lufthansa is not an interstate carrier. However, this Court has already addressed and rejected similar arguments. See United States v. Viertel, 01 Cr. 571, 2005 WL 1053434, at *8 (S.D.N.Y. May 5, 2005) (recounting evidence that "Burda Media used Apex, a freight company, to ship items to Germany on a daily basis," and not Lufthansa) (denying motion for a new trial), aff'd, 242 F. App'x 779 (2d Cir. 2007); see also United States v. Viertel, No. 08 Civ. 7512, 2009 WL 22863, at *9 (S.D.N.Y. Jan. 5, 2009) ("The petitioner's eighth claim is that 'The 'charged' Courier was not a federal transporter,' that is, that Apex Air Freight was not a private or commercial

4

interstate carrier for purposes of the mail fraud statute.  This claim is barred because the petitioner already raised it in his motion for a new trial.  That motion was denied and the denial was affirmed on appeal.  In any event, the claim is without merit.") (denying § 2255 petition).

Viertel has provided no new evidence to suggest that the "interstate carrier" element of § 1341, about which the jury was properly instructed, was not met in this case.  Viertel asserts in his current motion that the fraudulent invoices in this case were shipped to Germany via Newark Airport in New Jersey.  (See, e.g., Pet.'s Mot. at 2, 16); see also Viertel, 2005 WL 1053434, at *6 (noting Viertel's argument that a new trial was warranted based on "a document that Viertel maintains is a waybill issued by Lufthansa at Newark International Airport on or around June 28, 1996," which Viertel claimed was "newly discovered evidence").  There was evidence from which the jury in this case could have found that the interstate carrier element was met, however, because there was evidence that showed that the fraudulent invoices at issue were routinely sent from Burda's New York City offices to the airport in Newark, New Jersey using Apex.  (See, e.g., Trial Tr. at 303 ("Q: What is Apex?  A: Apex is a freight company which came and picked up the bags and delivered it to the airport.  Q: And the bags included at the end of the month these invoices, is that right?  A: Yes."); see

5

also <u>Viertel</u>, 2005 WL 1053434, at *8.  Indeed, the airbill that Viertel attached to the current motion confirms that Apex transported items for shipment from New York to Newark Airport in New Jersey.  Accordingly, a jury could have found that the invoices were sent to Newark via interstate carrier before they were sent abroad.  The circumstances are not such that <u>coram nobis</u> relief is required to achieve justice.

Moreover, Viertel has not offered "sound reasons . . . for [his] failure to seek appropriate earlier relief." <u>Fleming</u>, 146 F.3d at 90.  Viertel made a similar argument in his motion for a new trial and in his § 2255 petition, and he points to no new evidence upon which he relies, and no reason why, to the extent that his current argument differs from arguments that he has already raised, he was unable to make it at an earlier stage.

Finally, as explained above, Viertel's argument that there was no federal jurisdiction under the mail fraud statute is completely without merit.[1]  Accordingly, the application for relief pursuant to § 1651 is **denied**.

---

[1] Viertel has also argued that his conviction should be vacated because of a lack of venue, due to the fact that the fraudulent invoices were sent to Germany via the Newark Airport, which is not in the Southern District of New York.  This argument fails, because Burda's office was in New York City, and the mailings at issue originated in New York City.  The Court has already addressed Viertel's arguments related to venue and found them meritless.  <u>See</u> <u>Viertel</u>, 2009 WL 22863, at *10 (citing <u>United States v. Naranjo</u>, 14 F.3d 145, 146 (2d Cir. 1994)).  Nothing in the current application changes the Court's previous analysis

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. Viertel's application for a writ of error coram nobis is **denied**.

**The Clerk is directed to close Docket No. 282.**

SO ORDERED.

Dated:   New York, New York
         May 8, 2012

                                    _____
                                    John G. Koeltl
                                    United States District Judge

---

with respect to venue. Viertel's venue argument does not support § 1651 relief.

7