**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        - against -

**CHRISTIAN T. VIERTEL,**

        **Defendant.**
_____

08 Civ. 7512 (JGK)
01 Cr. 0571 (JGK)

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

Following a jury trial, the petitioner, Christian Viertel, was found guilty on each count of a three-count superseding indictment charging conspiracy to commit mail and wire fraud, as well as substantive counts of mail fraud and wire fraud.

The petitioner has filed an "Amended and Adjunctim AWA (18: § 1651)," seeking a writ of error coram nobis on the grounds of lack of federal jurisdiction over the mail fraud charge of which he was convicted, factual innocence, and other claims. The Government opposes this request on the basis that, as this Court previously found, there was federal jurisdiction over the mail fraud charge because the Government satisfied the interstate element of the mail fraud statute.

1

The Government also contends that any other arguments were forfeited because the petitioner did not raise them previously despite the opportunity to do so.  The petitioner has also filed a motion for three orders to show cause asking that the Court require the Government to provide responses to various requests for information.  For the following reasons the petitioner's motion and orders to show cause are **denied**.

**I.**

**A.**

In a superseding indictment, the petitioner was charged with conspiracy to commit mail and wire fraud in connection with the submission of false invoices to Burda Media Inc. ("Burda"), and with substantive counts of mail and wire fraud.[1]  At the trial, which began on September 12, 2002, the

---

[1] The history of this case is recounted in numerous prior opinions denying applications for post-conviction relief. See, e.g., United States v. Viertel, Nos. 01 Cr. 571 & 08 Civ. 7512, 2012 WL 1604712 (S.D.N.Y. May 8, 2012), aff'd, 505 F. App'x 40 (2d Cir. Dec. 11, 2012) (summary order); United States v. Viertel, No. 01 Cr. 571, 2005 WL 1053434 (S.D.N.Y. May 5, 2005), aff'd, 242 F. App'x 779 (2d Cir. Sept. 26, 2007) (summary order).  Familiarity with the facts and procedural history of the case is assumed; details are recounted to the extent necessary to decide the present motions.

Government produced substantial evidence that Viertel's companies had submitted false invoices to Burda in New York, that those invoices were sent to Germany using Apex Air Freight ("Apex"), and that funds were wired to New York.  The jury was instructed correctly that, with respect to the mail fraud statute, the Government "must establish beyond a reasonable doubt . . . the use of the mails in furtherance of the scheme to defraud.  The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or interstate carrier." (Trial Tr. 1992); see also 18 U.S.C. § 1341 (a person is guilty of mail fraud when that person, for the purpose of executing a scheme or artifice to defraud, or attempting to do so, uses the mails, or "deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing").

The jury found the petitioner guilty of conspiracy to commit mail and wire fraud, as well as substantive counts of mail fraud and wire fraud. The Court sentenced the petitioner principally to 21 months imprisonment on each count to run concurrently, to be followed by a three-year term of supervised release.

This Court denied a motion by the petitioner for a new trial pursuant to Federal Rule of Criminal Procedure 33 based on allegations that the Government had withheld material exculpatory evidence in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u> <u>United States v. Viertel</u>, 01 Cr. 571, 2003 WL 367867 (S.D.N.Y. Feb. 19, 2003).

The petitioner then appealed his conviction, claiming, among other things, that there was insufficient evidence to support a conviction on the conspiracy charge and the substantive mail and wire fraud counts, and the Court of Appeals affirmed the conviction. <u>United States v. Viertel</u>, 98 F. App'x 68, 69-70 (2d Cir. May 28 2004) (summary order). In his appeal, the petitioner did not raise the argument that the Government had not satisfied the interstate element of mail

4

fraud.  On June 21, 2004, the Court of Appeals denied the petitioner's request for rehearing en banc.

### B.

The petitioner then moved again for a new trial, arguing that newly discovered evidence eliminated the jurisdictional predicate for mail fraud by demonstrating that the key invoice was carried rather than mailed to Germany.  Viertel, 2005 WL 1053434, at *6.  This Court denied the petitioner's motion for a new trial, finding, among other things, that there had been no showing that the newly discovered documents could not have been discovered before or during the trial in the exercise of due diligence.  Id. at *7.  The Court also pointed to evidence supporting the conviction, including testimony that Burda used Apex to ship items to Germany on a daily basis, and that the key invoice was in fact sent.  Id. at *8.  The petitioner also raised insufficiency of the evidence as ground for a new trial.  Id. at *9.  However, this Court found the objection to the sufficiency of the evidence untimely and unmeritorious given that there was ample evidence to support the

petitioner's conviction, and that the Court of Appeals had affirmed the conviction.  Id. at *10.

Following the decision of the Court of Appeals in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), abrogated in part by United States v. Fagans, 406 F.3d 138 (2d Cir. 2005), the petitioner's case was remanded for further sentencing proceedings.  On remand, this Court determined that the sentence was reasonable in view of the nature of the offense and the history and characteristics of the petitioner.  United States v. Viertel, 01 Cr. 571, 2005 WL 1844774, at *1 (S.D.N.Y. Aug. 3, 2005).  The Court of Appeals affirmed the sentence in light of Crosby, and also affirmed the denial of the petitioner's motion for a new trial.  United States v. Viertel, 242 F. App'x 779, 780 (2d Cir. Sept. 26, 2007) (summary order).

### c.

The petitioner then filed another motion for new trial on the basis that the Government had allegedly withheld favorable evidence in violation of Brady.  This Court denied the motion because the petitioner had failed to substantiate his allegation that the Government had withheld favorable

evidence.  United States v. Viertel, No. 01 Cr. 571, 2008 WL 1944851, at *1 (S.D.N.Y. Apr. 30, 2008), aff'd, 505 F. App'x 40, 41 (2d Cir. Dec. 11, 2012) (summary order).

The petitioner then filed a petition for a writ of error coram nobis, asserting for the first time that the jurisdictional interstate element of mail fraud had not been established.  After reviewing the elements of the mail fraud statute and the evidence presented at trial, this Court determined that the jurisdictional interstate element had been satisfied and that the petitioner had not made the necessary showing of extraordinary circumstances warranting coram nobis relief.  Viertel, 2012 WL 1604712, at *2-3.  The Court pointed out that it had previously rejected similar arguments.  It noted that the jury was properly instructed as to the elements of a mail fraud violation and that there was evidence from which the jury could conclude that the fraudulent invoices at issue were routinely sent from Burda's New York City offices to the airport in Newark, New Jersey using Apex.  Id. at *2.  Accordingly, the Court denied the motion.  Id. at *3.  The Court of Appeals affirmed the denials of the motion for a new trial, the petition for a writ of error coram nobis, and the

7

denial of a motion for reconsideration of the order denying the writ of error coram nobis.  Viertel, 505 F. App'x at 41.

The petitioner also moved to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255, raising about twenty-two grounds for relief, which were all rejected.  United States v. Viertel, No. 08 Civ. 7512, 2009 WL 22863, at *6-12 (S.D.N.Y. Jan. 5, 2009).  The Court declined to issue a certificate of appealability because the petitioner had failed to make the requisite showing of a denial of a constitutional right.  Id. at *12.  The petitioner had also styled the petition as an application for a writ of error coram nobis, and the Court rejected this application, finding that the petitioner had failed to demonstrate extraordinary circumstances warranting relief.  Id. at *6, 12.

The petitioner subsequently filed a "Vacatur of Judgment of Conviction grounded upon ab ovo deficit of interstate [§ 1341] jurisdiction over international deliverances [via air cargo export], divesting Federal Courts of adjudicatory powers."  The Court determined that it was a successive petition for habeas corpus pursuant to 28 U.S.C. § 2255 and transferred the motion to the Court of Appeals pursuant to 28

U.S.C. § 1631.  See United States v. Viertel, Nos. 01 Cr. 571 & 08 Civ. 7512, 2012 WL 71011, at *2 (S.D.N.Y. Jan. 9, 2012).

The Court of Appeals held that the petitioner was jurisdictionally precluded from bringing a motion pursuant to Section 2255 because he had served his sentence and had been released from custody.  The Court of Appeals construed the filing as a petition for a writ of error coram nobis, and remanded the case to this Court for consideration of the availability of relief on a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651.  (Mandate of the United States Court of Appeals for the Second Circuit, No. 08 Civ. 7512, ECF No. 16, at 1-2.)  The Court of Appeals noted that it had recently affirmed the denial of a separate coram nobis petition raising similar or identical claims, but that it was for this Court rather than the Court of Appeals to decide the merits of the coram nobis petition.  (Mandate of the United States Court of Appeals for the Second Circuit, No. 08 Civ. 7512, ECF No. 16, at 2 (citing Viertel, 505 F. App'x 40).)

**II.**

After the case was remanded, the petitioner filed his "Amended and Adjunctim AWA (18: § 1651)," and his orders to show cause seeking discovery from the Government. Pursuant to the mandate of the Court of Appeals, this Court construes the petitioner's filing as a petition for a writ of error coram nobis.

"[F]ederal courts are authorized to grant the ancient common law writ of error coram nobis under the terms of the All Writs Act, 28 U.S.C. § 1651(a)." Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam). "Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." Id. at 89-90; see, e.g., Porcelli v. United States, 404 F.3d 157, 159 (2d Cir. 2005). "[T]o obtain coram nobis relief a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from [the] conviction

that may be remedied by granting of the writ." Fleming, 146 F.3d at 90 (quoting Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996)) (internal quotation marks omitted).

### III.

#### A.

In his petition for a writ of error coram nobis, the petitioner argues that his conviction was invalid because the Government did not satisfy the jurisdictional interstate element of the mail fraud statute. This Court previously considered and rejected this argument in Viertel, 2012 WL 1604712, and the Court of Appeals affirmed that decision. Viertel, 505 F. App'x 40. There is nothing in the current submissions that alters the conclusion that the Government carried its burden at trial to demonstrate the interstate element of the mail fraud statute.

The critical "interstate" element of the mail fraud statute is not that there be an interstate mailing caused by the defendant, but rather that there be any mailing caused by the defendant that makes use of the Postal Service or any private or commercial interstate carrier. See United States

11

v. Gil, 297 F.3d 93, 100 (2d Cir. 2002) ("[A]pplication of the mail fraud statute to intrastate mailings sent or delivered by private or commercial interstate carriers, is a permissible exercise of Congress's power . . . ."); see also Viertel, 2012 WL 1604712, at *2.  The jury in this case was properly instructed that the Government must prove beyond a reasonable doubt "the use of the mails in furtherance of the scheme to defraud.  The use of the mails as I have used it here includes material sent through either the United States Postal Service or a private or commercial interstate carrier."  (Trial Tr. at 1992.)

The petitioner argues that Lufthansa carried the mail involved in this case, and that Lufthansa is not an interstate carrier.  However, at trial the Government introduced evidence that Burda used Apex, a freight company that operated interstate, to ship items to Germany on a daily basis.

The petitioner asserts that the fraudulent invoices in this case were shipped to Germany via Newark Airport in New Jersey.  But the invoices had to be sent from Burda's offices in New York to the airport in New Jersey.  The Government introduced evidence at trial from which the jury could

12

reasonably have found that the interstate carrier element was met—namely, evidence that showed that the fraudulent invoices at issue were routinely sent from Burda's New York City offices to the airport in Newark, New Jersey using Apex, which then sent the fraudulent invoices to Germany. (See, e.g., Trial Tr. at 303 ("Q: What is Apex? A: Apex is a freight company which came and picked up the bags and delivered it to the airport.  Q: And the bags included at the end of the month these invoices, is that right? A: Yes."); Viertel, 2012 WL 1604712, at *2; Viertel, 2005 WL 1053434, at *8.) Accordingly, a jury could have found that the invoices were sent to Newark via interstate carrier before they were sent abroad.  The evidence was sufficient to satisfy the interstate element of mail fraud, and, therefore, this Court had jurisdiction over the charge of conspiracy to violate the mail fraud statute and the charge of violating the mail fraud statute.

    Moreover, the petitioner has failed to provide sound reasons showing that coram nobis is warranted.  The petitioner has made substantially the same argument in prior papers.  It has been rejected, and the Court of Appeals has affirmed the

13

rejection.  See Viertel, 505 F. App'x at 41.  The circumstances are not such that coram nobis relief is required to achieve justice.

**B.**

In supplemental filings, the petitioner also argues that his conviction was invalid pursuant to Morrison v. Nat'l Australia Bank, 130 S. Ct. 2869 (2010) and Kiobel v. Royal Dutch Petroleum Co., 133 S. Ct. 1659 (2013).  Morrison held that "Section 10(b) [of the Securities Exchange Act] reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States."  130 S. Ct. at 2888.  Kiobel held that when all relevant conduct takes place outside the United States, a defendant cannot be sued under the Alien Tort Statute.  133 S. Ct. at 1668-69.  While both Morrison and Kiobel were civil cases, the Court of Appeals has held that the standard articulated in Morrison also applies in criminal cases.  See United States v. Vilar, Nos. 10-521-Cr,

14

10-580-Cr, & 10-4639-Cr, 2013 WL 4608948, at *5 (2d Cir. Aug. 30, 2013).

The petitioner was not convicted of a violation of Section 10(b) of the Securities Exchange Act or any offense relating to the Alien Tort Statute.  But the petitioner claims that his conviction for a violation of the mail fraud statute and conspiracy to violate the mail fraud statute runs afoul of the general "longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States."  Morrison, 130 S. Ct. at 2873 (citation and internal quotation marks omitted); see also Vilar, 2013 WL 4608948, at *5-9 (applying the presumption against extraterritoriality to a criminal violation of Section 10(b)).

The petitioner's argument is without merit.  There was no extraterritorial application of the mail fraud statute in this case.  The mail fraud statute specifically requires the depositing of matter with the Postal Service . . . [or] any private or commercial interstate carrier . . . ."  18 U.S.C. § 1341.  The mailings at issue in this case occurred when the false invoices were committed to Apex in New York City for

15

delivery ultimately in Germany.  (Indictment, No. 08 Civ. 7512, ECF No. 39, at ¶¶ 2, 6, 8, 10, 15.)  The invoices were carried from New York to New Jersey, where they were then shipped to Germany.  Burda was defrauded in New York by acts that occurred in New York.  This is not a case involving extraterritorial application of a criminal statute.

Moreover, the petitioner raised this argument in connection with his appeal from the denials of his motion for new trial, his petition for a writ of error coram nobis, and his motion for reconsideration.  (See Appellant Br., Viertel v. United States, No. 12-2560, ECF No. 24, at 8-9, 17, 19.)  The Court of Appeals affirmed the decisions below without specifically addressing the argument that his conviction is invalid under Morrison.  There is no basis for reconsidering an argument that has already failed to persuade the Court of Appeals.

### c.

The petitioner also makes other allegations, including factual innocence.  However, the petitioner has not offered any evidence to substantiate those allegations.  A jury found the petitioner guilty of the charges alleged in the

16

indictment, and the Court of Appeals affirmed the conviction. Numerous subsequent applications have been denied and the denials have been affirmed on appeal. There is no new evidence suggesting that the jury's conclusions or the decision of the Court of Appeals affirming the conviction were in any way erroneous. Moreover, the petitioner has failed to explain why these other issues could not have been raised in his numerous prior submissions to this Court. Accordingly, the petitioner has failed to demonstrate that he is entitled to any relief, and the request for a writ of error coram nobis is **denied.**

### V.

The petitioner has filed three orders to show cause seeking information from the Government with respect to various details about Apex. However, the petitioner has failed to show good cause to obtain these documents and has failed to show any basis for relief. See Drake v. Portuondo, 321 F.3d 338, 346 (2d Cir. 2003) ("Although a habeas petitioner, unlike the usual civil litigant in federal court is not entitled to discovery as a matter of ordinary course,

17

discovery may be granted upon a showing of good cause." (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)) (internal quotation marks omitted); see also Garafola v. United States, 909 F. Supp. 2d 313, 335 (S.D.N.Y. 2012) (denying a habeas petitioner's motion for discovery because "[t]he petitioner s[ought] broad discovery without making specific allegations that the requested evidence will show reason to believe that he is entitled to relief"); Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998) (denying a habeas petitioner's motion for discovery for failure to show good cause); Green v. Artuz, 990 F. Supp. 267, 271 (S.D.N.Y. 1998) (denying a habeas petitioner's motion for discovery for failure to produce "specific evidence that the requested material" would support his claim for relief).  Therefore, the three orders to show cause are **denied**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, the arguments are either moot or without merit.  The petitioner's motions are **denied**.  The Clerk is directed to

18

**close Docket No. 295.** The Clerk is also directed to **enter judgment, to close case number 08 Civ. 7512, and to close all pending motions.**

SO ORDERED.

Dated:   New York, New York
         October 4, 2013            _____/s/_____
                                         John G. Koeltl
                                    United States District Judge