**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**CHRISTIAN VIERTEL,**

                    **Petitioner,**

     - against –

**UNITED STATES OF AMERICA,**

                    **Respondent.**

------------------------------------

08 Civ. 7512 (JGK)
01 Cr. 0571 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    The Court has received Petitioner Viertel's "Consideration de Novo Motion for Deliberate Failure to Impartially Address § 1341's Jurisdictional Prong on CA2 Remand." The motion is dated October 30, 2013. Together with the motion is a "Mandatory Judicial Notice of Defendant's Affidavit in Support of Vacatur Proceedings," certified on October 27, 2013. The Motion for de Novo Consideration asks this Court to reconsider its October 4, 2013 Memorandum Opinion and Order, which denied the petitioner's motions, including his motion under the All Writs Act, 28 U.S.C. § 1651, to vacate his conviction to the extent that it depended on a violation of the mail fraud statute, 18 U.S.C. § 1341. Judgment was entered pursuant to the October 4, 2013 Memorandum Opinion and Order on October 7, 2013.

1

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly . . . ."[1] Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011) (internal citation and quotation marks omitted).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted).  The petitioner has failed to indicate any facts or provisions of law that the Court overlooked or misapprehended in its October 4, 2013 Memorandum Opinion and Order.

With respect to the Affidavit, the Affidavit does not support reconsideration of the denial of the petitioner's motion under the All Writs Act.  The Affidavit was not submitted to the Court in support of the original motion, and therefore could not have been overlooked.  See Davidson v. Scully, 172 F. Supp. 2d

---

[1] The petitioner does not specify the authority under which he brings his motion for reconsideration.  However, it is not necessary to decide whether this is a motion for reconsideration pursuant to Local Rule 6.3, a motion to alter or amend the Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, or a motion to vacate the Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, because for present purposes the standards under all three provisions are effectively the same.  See, e.g., R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 508-09, 512-13 (S.D.N.Y. 2009).

458, 463-64 (S.D.N.Y. 2001) ("[T]he motion [for reconsideration] does not afford the losing party the right to submit new evidence to bolster relief . . . ." (second alteration in original) (citation omitted)).  In any event, to the extent that the petitioner attempts to rely on new factual allegations with respect to Apex Air Freight, the petitioner has not shown why that evidence could not have been presented at an earlier date in connection with the numerous prior applications that the petitioner has made on this subject.  Indeed, some of the allegations have been made in the past and rejected, such as the allegation that an invoice was not committed to Apex Air Freight for shipment to Germany, but was in fact carried to Germany.  See Affidavit ¶¶ 29-30.  The Affidavit also attempts to dispute the trial testimony without explaining why any such contentions could not have been raised before.  A petition for a writ of error coram nobis under the All Writs Act should only be granted when there are sound reasons for failure to seek the relief earlier.  See Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam).

## CONCLUSION

The Motion for de Novo Consideration and the Motion for Mandatory Judicial Notice are **denied.**  The Clerk is directed to **close all pending motions.**

**SO ORDERED.**

**Dated:**    **New York, New York**
         **November 1, 2013**         _____/s/_____
                                   **John G. Koeltl**
                           **United States District Judge**

4