**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**CHRISTIAN VIERTEL,**

                **Petitioner,**

      - against –

**UNITED STATES OF AMERICA,**

                **Respondent.**
------------------------------------

08 Civ. 7512 (JGK)
01 Cr. 0571 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The Court has received Petitioner Viertel's "Mandatory Judicial Notice of Viertel Affidavit," certified on October 27, 2013, submitted on November 7, 2013, and received by the Pro Se Office on November 19, 2013.

In a motion dated October 30, 2013, the petitioner requested that this Court reconsider its October 4, 2013 Memorandum Opinion and Order denying the petitioner's application under the All Writs Act, 28 U.S.C. § 1651, for a writ of error coram nobis. In connection with that motion, the petitioner submitted a "Mandatory Judicial Notice of Defendant's Affidavit," certified on October 27, 2013. In a Memorandum Opinion and Order dated November 1, 2013, the Court concluded that the Affidavit did not support reconsideration of the petitioner's application under the All Writs Act and denied the petitioner's motion for reconsideration.

1

The current "Viertel Affidavit" is nearly identical to the Affidavit submitted to the Court in connection with the October 30, 2013 motion for reconsideration. While the petitioner added an attached invoice, there is no indication that the invoice was submitted with the original petition for a writ of error coram nobis, and it therefore cannot support a motion for reconsideration of the Court's denial of that petition. See Davidson v. Scully, 172 F. Supp. 2d 458, 463-64 (S.D.N.Y. 2001) (confirming that a motion for reconsideration does not grant a right to submit new evidence in support of the motion). Moreover, there is no showing that the invoice would change the denial of the coram nobis petition, nor is there any reason the invoice could not have been submitted earlier in connection with the petitioner's numerous prior applications. Thus, like the earlier Affidavit, the "Viertel Affidavit" does not support reconsideration of the denial of the petitioner's motion under the All Writs Act, nor does it alter the conclusion reached in the Court's November 1, 2013 denial of the petitioner's motion for reconsideration.

**CONCLUSION**

The "Motion for Mandatory Judicial Notice of Viertel Affidavit" is **denied**.  The Clerk is directed to **close all pending motions.**

**SO ORDERED.**

**Dated:    New York, New York**
**          December 10, 2013**                  _____/s/_____
                                                      **John G. Koeltl**
                                                **United States District Judge**